IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| SUSAN M. HOOPER, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | :   1 : 13-CV-139 (WLS) |
| CAROLYN W. COLVIN, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

## RECOMMENDATION

Plaintiff herein filed this Social Security appeal on August 20, 2013, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Hoffman v. Astrue*, 259 Fed. Appx. 213, 216 (11th Cir. 2007). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520.  In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits her ability to carry out basic work activities.  At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.  At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.  Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

Plaintiff filed an application for Supplemental Security Income on April 5, 2010.  (Tr. 18, 139-144).  Her claim was denied initially and upon reconsideration. (Tr. 70-71).  A hearing was held before an Administrative Law Judge ("ALJ") in Thomasville, Georgia on January 13, 2012.  (Tr. 36-69).  Thereafter, in a hearing decision dated February 2, 2012, the ALJ determined that Plaintiff was not disabled. (Tr. 18-29).  The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (Tr. 1-5).

*Statement of Facts and Evidence*

Plaintiff was forty-seven (47) years of age at the time of the hearing before the ALJ, and alleged disability since April 5, 2010, due to fibromyalgia and chronic depression. (Tr. 18, 42, 167, 236).  Plaintiff earned her GED, and has no past relevant work experience.  (Tr. 27-28, 42, 168).

As determined by the ALJ, Plaintiff suffers from the following severe impairments: "degenerative disc disease; kyphosis; obesity; fibromyalgia; major depressive disorder; anxiety disorder; and status post left knee arthroscopic surgery[.]"  (Tr. 20).  The ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and she remained capable of performing sedentary work

> except the claimant is limited to work that only requires occasional operation of bilateral foot controls and overhead reaching; occasional climbing of ramps and stairs, balancing and stooping; frequent bilateral reaching; never climbing ladders, ropes, and scaffolds, kneeling, crouching, and crawling; and allows her to change positions at will (stand when needed without leaving work).  In addition, the claimant is limited to work that only requires occasional exposure to extreme heat and cold, excessive vibration, moving machinery, and unprotected heights; and simple, routine, repetitive tasks.

(Tr. 21, 23).  The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and applied the Medical-Vocational Guidelines to determine that Plaintiff remained capable of performing jobs that existed in significant numbers in the national economy, and thus was not disabled. (Tr. 28-29).

## DISCUSSION

Plaintiff alleges that the ALJ erred by failing to give proper weight to Plaintiff's treating physician, and by failing to properly consider Plaintiff's credibility.  (Docs. 12, 14).

*Physician Opinion*

Plaintiff alleges that the ALJ failed to provide good cause for rejecting the opinion of Dr.

Andrew Dekle, Plaintiff's treating physician. When deciding the evidence, "[t]he testimony of the treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). The Commissioner's regulations also state that more weight should be given to opinions from treating sources because they can provide a detailed look at the claimant's impairments. 20 C.F.R. § 404.1527(d)(2). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" as to why the Commissioner did not rely on the treating source's opinion can exist when the physician's opinion was not supported by the record evidence, the evidence supported a contradictory finding, or the physician's opinion was conclusory or inconsistent with the physician's own medical records. *Id.*

The ALJ assigned significant weight to Dr. Dekle's opinion, except the ALJ gave little weight to Dr. Dekle's opinion that Plaintiff needed to rest, recline, or lie down several times a day, and that Plaintiff's medications interfered with her ability to work. (Tr. 26). The ALJ found that the evidence of record did not support these limitations. (Tr. 26). In December of 2011, Dr. Dekle submitted a Medical Source Statement of Ability To Do Work-Related Activities (Physical), wherein he opined, in relevant part, that Plaintiff needed to rest, recline, or lie down several times a day. (Tr. 721-722). Plaintiff asserts that the ALJ did not have good cause for rejecting this limitation. (Doc. 12).

The medical records show that, in 2008, Plaintiff had "[n]ormal activity and energy level[s]." (Tr. 474). On May 25, 2010, Plaintiff complained of fatigue during an appointment with Dr. Dekle. (Tr. 493). However, on June 4, 2010, Dr. Dekle completed a Disability Report Form, and did not indicate Plaintiff had any functional limitations. (Tr. 488). In June of 2010,

4

Plaintiff was seen for scattered telangiectasias (spider veins) on her leg, and she reported that she "otherwise [felt] pretty well." (Tr. 624). Plaintiff reported low energy in March of 2011. (Tr. 689). By May of 2011, Plaintiff reported that her energy was stable, her sleep was stable, and she denied side effects from her psychiatric medications. (Tr. 688). Plaintiff reported stable energy again in August of 2011. (Tr. 697). Further, Plaintiff has not cited to any evidence in the record, beyond Dr. Dekle's opinion, that documents Plaintiff's need to rest, recline, or lie down several times a day.

The undersigned finds that there is substantial evidence to support the ALJ's decision to afford little weight to Dr. Dekle's opinion that the claimant needs "to rest, recline, or lie down several times a day". (Tr. 26). Therefore, the ALJ did not err in his analysis of Dr. Dekle's opinion.[1]

*Plaintiff's Credibility*

Plaintiff also maintains that the ALJ's finding that Plaintiff lacked credibility was not based on substantial evidence. (Docs. 12, 14). Specifically, Plaintiff contends that the ALJ erred in the evaluation of Plaintiff's daily activities, erred in the evaluation of Plaintiff's fibromyalgia, and erred by relying on unsupported findings.

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of the symptoms. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

---

[1] Plaintiff also provides a one sentence assertion that the ALJ failed to consider that Plaintiff's morbid obesity is consistent with the need to rest, recline, or lie down. (Doc. 12). Plaintiff, however, has cited to no evidence in the record that would show her morbid obesity requires this limitation. Additionally, the ALJ stated that he considered the effects of Plaintiff's obesity in formulating Plaintiff's RFC. (Tr. 27).

5

To determine if Plaintiff's statements of an alleged symptom are credible, the ALJ must consider the intensity, persistence, and limiting effect of the symptoms, using Plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The ALJ must consider the record as a whole, including objective medical evidence, the individual's own statements about the symptoms, statements and other information provided by treating or examining physicians, psychologists, or other individuals, and any other relevant information. SSR 96-7p. The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [Plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4).

Social Security Ruling 96-7p sets out the proper procedure for evaluation of an individual's credibility, and clarifies when the evaluation of symptoms, including pain, requires a finding regarding the credibility of an individual's statements. In evaluating credibility, the adjudicator may look to factors including but not limited to: 1) the medical signs and laboratory findings and statements issued by treating or examining physicians; 2) the claimant's history and treatment; 3) the claimant's prior work record and efforts to work; 4) the claimant's daily activities. SSR 96-7p; 20 C.F.R. § 404.1529.

The ALJ appears to discredit Plaintiff's complaints of disabling pain caused by her fibromyalgia because there is a lack of objective medical evidence supporting her complaints. (Tr. 24-25). However, it is reversible error for the ALJ to discredit Plaintiff's complaints of disabling pain caused by fibromyalgia due to a lack of objective medical evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); SSR 96-7p.

The ALJ stated that

> [a]fter careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably

6

>be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 24). The ALJ then outlined the medical evidence from the record, appearing to discredit Plaintiff's severe impairment of fibromyalgia because Plaintiff's physical exams were generally normal. (Tr. 24-25). For example, the ALJ referenced Plaintiff's complaints made to Dr. Dekle of severe depression, fatigue, and pain all the time (symptoms of fibromyalgia), but the ALJ appears to disregard these complaints because Plaintiff's physical exam was "pretty much normal[.]" (Tr. 24-25).

The ALJ also did not provide sufficient discussion of the subjective evidence that details Plaintiff's complaints of pain, including Plaintiff's activities of daily living and fibromyalgia symptoms. Plaintiff complained to her medical providers of symptoms of fibromyalgia, such as depression, feeling prickly, nausea, dizziness, headaches, fatigue, and trouble sleeping. (*See e.g.* Tr. 400, 490, 690, 694); *Andino v. Comm'r of Social Sec.*, 2012 WL 834122, *11 (M.D. Fla. Feb. 15, 2012) ("Symptoms of fibromyalgia include chronic muscle pain, severe fatigue, pain upon palpation of tender points, insomnia, jaw pain/tenderness, numbness in the legs and feet, dizziness and depression."). The ALJ failed to discuss this evidence when determining Plaintiff's credibility.

It is unclear from the ALJ's decision if he is discrediting Plaintiff's complaints of disabling pain because of a lack of objective medical evidence, or if his discussion contemplates the record as a whole in determining if Plaintiff's complaints of disabling pain due to her severe impairment of fibromyalgia are credible. Thus, this Court cannot determine if the ALJ applied the proper legal analysis, and the case must be remanded.

On remand, the ALJ should determine if, based on all the evidence, Plaintiff's testimony is credible.  If the ALJ determines Plaintiff's complaints of disabling pain are not credible, the ALJ must clearly articulate his reasons in his decision.  *See Walker v. Bowen*, 826 F.2d 996, 1004 (11th Cir. 1987) (remanding the case when the ALJ did not consider the claimant's allegations of pain in any detail, but simply found neither the medical evidence nor the claimant's testimony supported the existence of the alleged pain); *McCollough v. Astrue*, 2013 WL 441054, *4 (M.D. Ga. Jan. 16, 2013) (remanding when it was not clear from the record if the ALJ discredited the claimant's complaints of pain due to fibromyalgia solely because of a lack of objective medical evidence); *Haynes v. Astrue*, 2010 WL 138053, *4 (M.D. Fla. Jan. 12, 2010) (remanding when the ALJ relied on the objective medical evidence to discredit claimant's complaints of pain due to fibromyalgia).

## CONCLUSION

As the Commissioner's decision in this matter is not supported by substantial evidence, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g).  It is the undersigned's recommendation that on remand the ALJ reevaluate Plaintiff's testimony and complaints of pain to determine if she is credible in light of her fibromyalgia, and provide clearly articulated reasons for his decision to credit or discredit Plaintiff's complaints of disabling pain.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED** this 19th day of June, 2014.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**